UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02017-KES-FRS (SAB) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE |
| v. | DISMISSED WITHOUT LEAVE TO AMEND |
| BUREAU OF CONSUMER FINANCE PROTECTION, *also known as* Consumer Finance Protection Bureau, | (ECF No. 1) |
| | FOURTEEN-DAY DEADLINE |
| Defendant. | |

Plaintiff Steven Quinn Singleton ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and consequently recommends dismissing Plaintiff's complaint without leave to amend.

I.    SCREENING REQUIREMENT AND STANDARD

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against a defendant he identifies as "Bureau of Consumer Finance Protection (aka Consumer Finance Protection Bureau)" ("CFPB"). (ECF No. 1.) Claiming that federal question is the basis of subject matter jurisdiction, Plaintiff cites 18 U.S.C. §§ 1343, 1519 and 12 C.F.R. §§ 1024.17, 1026 as the federal statutes that are at issue in this action. (*Id*. at 3.) On the civil cover sheet of his complaint, Plaintiff checks the boxes for relief under 42 U.S.C. § 1983 and the Administrative Procedure Act ("APA"). (*Id*. at 54.)

Plaintiff's entire statement of the claim provides:

The Consumer Finance Protection Bureau (CFPB) has a mission to protect consumers

2

through rule-making [sic], supervision, enforcement and education. The agency maintains a complaint process designed to connect the agency with potential issues that may warrant opening an investigation. Petitioner surfaced concerns to the agency in two complaints and through other contact channels. Petitioner's complaints were closed, permitting a normalization of fraudulent operations in consumer markets that deprive natural persons of property under the color of law and extend oppression of the individual liberties in service to multi-modal forms of unjust enrichment. In systems of involuntary servitude, natural persons are systematically oppressed through or with a corporate form and the corporate form indefinitely extends abuse and harm without regard for the rights and liberties of persons who are member to the People of the United States, citizen or otherwise. The CFPB's use of the complaint closures can abuse discretion and suppress grievances, overexposing the public interest to predatory forces.

(*Id*. at 4.)

As relief, Plaintiff seeks (1) "Restitution for the harm caused by the deceptive practices, including compensation for the wrongful and unlawful property sale," (2) "Civil forfeiture of unlawful claim to the property," (3) "Partnership with the Justice Department to coordinate and facilitate the correction of property records, attribution of rights, and validation of mortgage related documents administered by the companies," (4) "Anti-trust oversight and evaluation through the Corporate Enforcement and Voluntary Self-Disclosure Policy," and (5) "Any other relief the Court deems just and proper to advance the agency's role in addressing white-collar, organized criminally networked activity." (*Id*.)

III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim under 18 U.S.C. §§ 1343 and 1519, 12 C.F.R. §§ 1024.17 and 1026, the APA, or 42 U.S.C. § 1983, and is frivolous.

A.    Fed. R. Civ. P. 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556-57; *Moss*, 572

3

F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved. At most, Plaintiff mentions that he "surfaced concerns to the agency in two complaints and through other contact channels," that such complaints were closed, and that "CFPB's use of the complaint closures can abuse discretion and suppress grievances, overexposing the public interest to predatory forces." (ECF No. 1 at 4.)

Plaintiff attaches approximately fifty pages of exhibits to the complaint, including (1) a September 8, 2026 email to a Chase Bank phishing email box, (2) photographs of a house deed, (3) a printout of property details of a residential property located in Atlanta, Georgia, (4) a printout entitled "Registration data lookup tool" that appears to provide domain information for a website, (5) an article entitled "Responding to Falsification of Evidence," (6) an email complaint to a CFPB whistleblower email box, dated March 1, 2026, stating "[m]y house was targeted in a phishing scheme . . . How can your financial abuse protection teams help?", (7) a closed CFPB complaint, (8) a photograph of an Application to Execute Writ of Possession, (9) a closed CFPB complaint, and (10) email communications to a Chase Home Lending email box dated March 7, 2026.

As currently pled, Plaintiff's complaint does not contain sufficient factual detail to permit the Court to draw the reasonable inference that the CFPB is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The Court cannot review each piece of evidence and try to make a determination what the claim for relief is. That is the Plaintiff's responsibility. *See Williams v. Dep't of Corr.*, No. CV F 06-1793 OWW (DLB)P, 2007 WL 1188356, at *2 (E.D. Cal. Apr. 20, 2007).

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

B.   18 U.S.C. §§ 1343 and 1519

Plaintiff indicates that he is bringing a claim against the CFPB pursuant to 18 U.S.C. §§ 1343 (wire fraud) and 1519 (obstruction of justice). (ECF No. 1 at 3.)

Section 1343 reads as follows:

4

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1343.

This provision applies to violations of federal securities laws and the federal mail and wire fraud statutes. *Carpenter v. United States*, 484 U.S. 19, 21 (1987) ("Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.") For Plaintiff to allege a claim under a federal statute, the statute must confer a private right of action. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'") "18 U.S.C. §§ 1341 and 1343 are criminal wire fraud statutes. They do not create civil causes of action." *Chen v. T.T. Grp.*, No. SA CV 14-0138-DOC(DFMX), 2014 WL 12613519, at *1 (C.D. Cal. May 29, 2014).

Section 1519 (obstruction of justice) reads as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

This provision is the federal obstruction of justice statute and criminalizes conduct that interferes with the investigation or prosecution of crimes. This provision does not confer a civil right of action. *Skyy Chung v. San Diego Police Dep't & City of San Diego*, No. 3:25-CV-02686-JES-KSC, 2026 WL 926714, at *5 (S.D. Cal. Apr. 6, 2026) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)) ("[18 U.S.C. § 1519] do[es] not give rise to civil lawsuits, and can

only be brought by a prosecutor in criminal court.")

Accordingly, Plaintiff does not state a claim under either 18 U.S.C. §§ 1343 or 1519.

### C.   12 C.F.R. §§ 1024.17 and 1026

Plaintiff indicates that he is bringing a claim against the CFPB pursuant to 12 C.F.R. §§ 1024.17 (escrow accounts) and 1026 (Truth in Lending (Regulation Z)).[1]

"No private right of action exists under 12 C.F.R. § 1024.17." *Dominguez v. Wallick & Volk Inc.*, No. CV-22-00768-PHX-MTL, 2024 WL 4695831, at *12 (D. Ariz. Oct. 9, 2024). And while the Truth in Lending Act ("TILA") may give rise to a private right of action, other provisions may only be enforced by federal regulatory agencies. *Shiflett v. Lakeview Loan Servicing, LLC*, No. 2:23-CV-00397-DJC-EFB, 2025 WL 603616, at *4 (E.D. Cal. Feb. 25, 2025). Plaintiff references Section 1026 broadly, mentions the regulation only once, and does not specify under which subpart he is attempting to state a claim or how the CFPB is liable for any violation of the regulation. As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that the named Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff does not state a claim under either 12 C.F.R. §§ 1024.17 or 1026.

### D.   APA

Plaintiff indicates that he is bringing a claim under the APA for the review or appeal of an agency decision. (ECF No. 1 at 54.) Individuals have a right to judicial review under the APA, which provides that: "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

Two conditions must generally be satisfied for agency action to be "final" under the APA. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S.*

---

[1] Due to the length of each provision, the Court will not quote each section in its entirety here.

6

*Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citing *Bennett v. Spear*, 520 U.S. 154, 177 (1997)); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("[T]he person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion.")

Plaintiff has not alleged that there is a final agency action subject to judicial. Plaintiff alleges that his "complaints were closed, permitting a normalization of fraudulent operations in consumer markets that deprive natural persons of property under the color of law and extend oppression of the individual liberties in service to multi-modal forms of unjust enrichment." (ECF No. 1 at 4.) Nothing in the closing of the complaints precludes Plaintiff from appealing his decision or submitting another complaint via another avenue. *See Pride Indus., Inc. v. Comm. for Purchase from People Who Are Blind or Severely Disabled*, 420 F. Supp. 3d 1035, 1045 (E.D. Cal. 2019). Plaintiff has not shown that the closure of two complaints submitted via email to the CFPB are actions from "legal consequences will flow." *U.S. Army Corps of Eng'rs*, 578 U.S. at 597. The apparent closing of two complaints to the CFPB do not constitute a "preliminary, procedural, or intermediate agency action or ruling not directly reviewable." 5 U.S.C. § 704.

Accordingly, Plaintiff does not state a claim under the APA.

E.   42 U.S.C. § 1983

Finally, Plaintiff indicates that he is bringing a claim against CFPB, a federal agency, pursuant to Section 1983.

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811

7

F.2d 1243, 1245 (9th Cir. 1987)).

"[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Plaintiff has not alleged that the CFPB was acting under color of California or local law. Nor has Plaintiff alleged that state or local officials were somehow involved in the CFPB's closure of the two complaints. *See Ibrahim*, 538 F.3d at 1257-58.

Accordingly, Plaintiff does not state a claim under Section 1983.

### F. Frivolousness

Apart from Plaintiff's failure to comply with Rule 8 and failure to state a claim, his complaint is frivolous.

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). While a federal court cannot properly *sua sponte* dismiss an action commenced in forma pauperis if the facts alleged in the complaint are merely "unlikely," *Denton*, 504 U.S. at 33, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, *see Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e). Plaintiff's complaint is frivolous under this legal standard.

Public court records show that Plaintiff has filed over a dozen federal lawsuits in the past several weeks in this district alone. [2] *See Singleton v. Winter et al.*, Case No. 1:26-cv-2099 (E.D. Cal. Mar. 16, 2026); *Singleton v. Thompson*, Case No. 1:26-cv-2095 (E.D. Cal. Mar. 16, 2026); *Singleton v. Superior Court of California, Fresno County*, Case No. 1:26-cv-2097 (E.D. Cal. Mar.

---

[2] A court may take judicial notice of court filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

16, 2026); *Singleton v. Superior Court of California, Fresno County*, Case No. 1:26-cv-2096 (E.D. Cal. Mar. 16, 2026); *Singleton v. Environmental Protection Agency*, Case No. 1:26-cv-2061 (E.D. Cal. Mar. 16, 2026); *Singleton v. Department of State*, Case No. 1:26-cv-2062 (E.D. Cal. Mar. 16, 2026); *Singleton v. Department of Agriculture*, Case No. 1:26- cv-2060 (E.D. Cal. Mar. 16, 2026); *Singleton v. Valley Strong Credit Union*, Case No. 1:26-cv-2021 (E.D. Cal. Mar. 13, 2026); *Singleton v. Merit System Protection Board*, Case No. 1:26-cv-2018 (E.D. Cal. Mar. 13, 2026); *Singleton v. Jordan*, Case No. 1:26-cv-2019 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Election Commission*, Case No. 1:26-cv-2016 (E.D. Cal. Mar. 13, 2026); *Singleton v. Bureau of Consumer Finance Protection*, Case No. 1:26-cv-2017 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Bureau of Investigation*, Case No. 1:26-cv-1687 (E.D. Cal. Mar. 2, 2026). Several of these lawsuits appear to relate to the same underlying facts as this case.

Because the undersigned finds that Plaintiff's complaint is "indisputably meritless," lacking in any factual contentions supporting his claim, the undersigned recommends that this case be dismissed as frivolous and that Plaintiff not be given leave to amend.[3] *See Levy v. Subway*, No. 2:13-CV-1269-GEB-DAD, 2013 WL 5493390, at *3 (E.D. Cal. Oct. 2, 2013).

IV.   CONCLUSION AND ORDER

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint in this action, it is clear from the face of the complaint that it is frivolous.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.   Plaintiff's complaint be dismissed, without leave to amend; and

2.   The Clerk of the Court be instructed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

---

[3] If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE